AMY, J.,
dissenting.
| ^though I agree with the majority that the trial court did not err in denying the motion for new trial, I would affirm the second degree murder conviction, as rendered by the jury.
The majority opinion finds insufficient evidence that the defendant had the specific intent to kill the victim, specifically addressing whether the evidence revealed a motive for the crime. See State v. Carmouche, 12-1052 (La.App. 3 Cir. 4/3/13), 117 So.3d 136 (wherein a panel cited State v. Mart, 352 So.2d 678 (La.1977) for the proposition that, although motive is not an essential element of second degree murder, an absence of motive may be considered as a circumstance mitigating against specific intent). The majority opinion further finds that the State did not exclude every reasonable doubt as to specific intent. I respectfully disagree.
Notably, jurors heard Gregory Raspberry testify that, on several occasions, the defendant spoke of killing the victim. Any *997 assessment as to his credibility was certainly within the province of the jury, as the trier of fact. See State v. Oliphant, 13-2973 (La.2/21/14), 133 So.3d 1255. The jury also heard witness statements indicating that the defendant and the victim had experienced conflict, that the victim allegedly owed the defendant money, that the defendant admitted to [^repeatedly discharging his weapon (resulting in multiple projectile injuries to the victim), that the defendant left the victim in the marsh at the scene, and that the defendant misled and misdirected those searching for the victim in the days after the incident. Given the jury’s fact-finding role and its apparent rejection of the defendant’s version of events, I find these factors sufficiently support the jury’s determination of specific intent to kill the victim or to inflict great bodily harm.
For these reasons, I respectfully dissent from the majority opinion.